UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CESAR HERNANDEZ NAVARRO,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN MATTOS, *et al.*,<br><br>    Respondents. | Case No.: 2:26-cv-00359-RFB-BNW<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Cesar Hernandez Navarro's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his civil detention at Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs Enforcement ("ICE"). Petitioner asserts his detention by the government without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) during the pendency of his ongoing removal proceedings violates the Immigration and Nationality Act (INA) because he is properly detained under § 1226(a) and its implementing regulations. See Petition for Writ of Habeas Corpus ("Pet."), ECF No. 1. He further asserts his detention violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment. Pet. at 10-17, ECF No. 1.

Federal Respondents'[1] (hereinafter "Respondents") erroneously assert "[t]his matter does not involve 8 U.S.C. § 1225(b)(2)(A) nor 8 U.S.C. § 1226(a)" because an immigration judge (IJ) denied Petitioner's application for cancellation of removal and ordered Petitioner removed on December 4, 2025. See Respondents' Return ("Return") at 2, ECF No. 5. They claim that the

---

[1] Respondent John Mattos, NSDC Warden, also filed a Return to the Petition wherein he states, "he has no independent authority to release Petitioner" from ICE custody and takes "no position on the habeas or bond relief sought." See ECF No. 6.

December 4, 2025 removal order means the government can subject him to a six month period of unreviewable post-removal detention under 8 U.S.C. § 1231(a). Id. at 2. Yet Respondents simultaneously acknowledge that Petitioner timely filed an appeal of the IJ's December 4, 2025 removal order, and file a copy of Petitioner's notice of appeal to the Board of Immigration Appeals ("BIA"). See id. at 2 ("On December 30, 2025, Petitioner appealed the IJ's decision to the BIA."); see id., Ex. C., December 4, 2025 Order of the IJ at 9, ECF No. 5-4 ("Appeal Due: 01/05/2026"); see id., Ex. D, Petitioner's 12/30/2025 Notice of Appeal from December 4, 2025 Decision of IJ, ECF No. 5-5.

The government's position is misplaced. It is well established that the "post-removal" detention period under § 1231(a) does not begin until Petitioner's appeal of the December 4, 2025 removal order is resolved by the BIA. See Johnson v. Guzman Chavez, 594 U.S. 523, 534–35 (2021) (noting that where a noncitizen timely appeals a removal order to the BIA, the removal order is only "administratively final" pursuant to 8 U.S.C. § 1231(a)(1)(B)(i) "once the BIA has reviewed the order (or the time for seeking the BIA's review has expired.)"); see also Return at 5, ECF No. 5 (citing Johnson v. Guzman Chavez while failing to acknowledge that Petitioner's pending appeal before the BIA means Petitioner is not within the "post-removal period.") Because Petitioner's appeal of the IJ's December 4, 2025 removal order remains pending before the BIA, the government has no authority to civilly detain Petitioner under § 1231. Accordingly, for the following reasons, the Court finds Petitioner's detention without a bond hearing is unlawful under the INA and Due Process Clause, and therefore grants the Petition and orders Respondents to promptly provide Petitioner a constitutionally adequate bond hearing or immediately release him from custody.

The Court makes the following findings of fact. Petitioner is a 44-year-old native and citizen of Mexico, who has resided continuously in the United States for over 20 years, since he entered the country without inspection in 2000. See Pet. at 2, ECF No. 1.; see also Return, Ex. C, December 5, 2025 Order of IJ, ECF No. 5-4 at 3 (finding Petitioner's "credible testimony is that he last entered in the U.S. in 2000 and has not departed since then."). During his decades of residence in our country, Petitioner has maintained steady employment, including owning his own

construction company and employing others in the community, and has filed federal tax returns. See Pet. at 2, ECF No. 1; see also Return, Ex. C, ECF No. 5-4 at 5. He has three U.S. citizen children, ages 20, 17 and 14. Return, Ex. C, ECF No. 5-4 at 4-5. His only criminal history is a recent arrest on October 11, 2025 by the City of Las Vegas Department of Public Safety for alleged misdemeanor driving under the influence and associated traffic violations; charges which remain pending. Id. The day of his arrest, ICE Enforcement and Removal Operations (ERO) "encountered" Petitioner at the Las Vegas Jail and lodged a Form I-247A immigration detainer. See Return, Ex. A, Form I-213 at 2, ECF No. 5-2. The same day, ICE took Petitioner into custody and commenced removal proceedings against him, charging him as, *inter alia*, being present in the United States without admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i). See id; see also Return, Ex. B, Notice to Appear, ECF No. 5-3. Petitioner has remained in ICE detention since October of last year.

On December 3, 2025, after an evidentiary hearing, an IJ denied Petitioner's application for cancellation for removal as a nonpermanent resident and ordered Petitioner removed to Mexico. Id., Ex. C, December 5, 2025 Order of IJ, ECF No. 5-4. Petitioner timely appealed the IJ's decision to the BIA, and that appeal remains pending. Id., Ex. D, Notice of Appeal, ECF No. 5-5.

On January 12, 2026, Petitioner sought a custody redetermination hearing (*i.e.* bond hearing) pursuant to 8 C.F.R. § 1236. See Pet., Ex. D, Motion for Custody Redetermination Hearing, ECF No. 1-2. Petitioner's counsel asserted the class wide declaratory judgment in Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) entitled Petitioner, as a member of the certified "Bond Eligible Class," to an individualized bond hearing under § 1226(a) and its implementing regulations. See id. On January 21, 2026, an IJ acknowledged the declaratory judgment, but denied Petitioner a bond hearing, because "[t]he official position of the Executive Office for Immigration Review is that Maldonado Bautista . . . does not purport to vacate, stay, or enjoin" Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) ("Hurtado"), so "immigration courts no longer have authority to issue bonds to

any individual . . . who has not been admitted to the United States."[2] Id. However, on February 18, 2026, the Maldonado Bautista Court *did* vacate Hurtado under the Administrative Procedures Act, 5 U.S.C. § 706(2)(A). See Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026). Consequently, the immigration court's legal basis for not providing Petitioner with an individualized bond hearing is now void.

Further, this Court independently rejects Hurtado's statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who was arrested by ICE far from any border or port of entry after years of residence in this country, for the reasons discussed in detail in this Court's previous decisions, which the Court incorporates and adopts by reference here. See, e.g., Escobar Salgado v. Mattos, ---- F.Supp.3d ---, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d ---, No. 2:25-CV-02136-RFB-MDC, 2025 WL 3270137, at *7-11 (D. Nev. Nov. 24, 2025). Accordingly, the Court finds Petitioner's detention under § 1225(b)(2)(A) violates the INA because he is entitled to a bond hearing under § 1226(a) and its implementing regulations. Moreover, the Court incorporates by reference its finding in Escobar Salgado that the government's detention of noncitizens in Petitioner's position without a constitutionally adequate bond hearing is unconstitutional. WL 3205356, at *22-25. Consistent with its prior decisions, the Court finds that Respondents' civil detention of Petitioner without a hearing and without any legitimate individualized justification violates his procedural and substantive due process rights. Id. The Court therefore orders Respondents to provide Petitioner a bond hearing wherein the government bears the burden of establishing an individualized, constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

In the exercise of its broad equitable authority to fashion a habeas remedy for unlawful detention "as law and justice require," the Court finds that, given the arbitrary deprivation of liberty that Petitioner has suffered and continues to suffer, Respondents must provide a bond hearing

---

[2] The Court notes that, in contrast to Respondents' erroneous representation to this Court that Petitioner is subject to a final order of removal and therefore detained under § 1231, the immigration court properly found that Petitioner's removal proceedings remain pending.

promptly, no later than **February 26, 2026**, or immediately release him from custody on his own recognizance. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

The Court further finds that Petitioner is entitled to an award of fees and other expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), because, as discussed above, Respondents position relying on 8 U.S.C. § 1231 to justify Petitioner's detention in this case is contrary to "clearly established law." See Meza-Vazquez v. Garland, 993 F.3d 726, 729 (9th Cir. 2021). Accordingly, within thirty days of the entry of judgment, Petitioner's counsel shall file an application with the Court including a bill of costs on the District of Nevada's approved form and a separate application for attorney's fees including (1) a detailed itemization of the tasks performed each date and the amount of time spent by each lawyer and paralegal on each task; (2) a showing that the hourly rates claimed are legally justified; and (3) an affidavit or declaration attesting to the accuracy of the information.

Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 1) Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents, including the immigration court, must provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a) no later than **February 26, 2026**. The immigration court must create a contemporaneous record of the bond hearing that is available to Petitioner upon request. See, e.g., Rodriguez v. Robbins, 715 F.3d 1127, 1136 (9th Cir. 2013).

**IT IS FURTHER ORDERED** that if bond is granted, Respondents are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be afforded until **March 26, 2026** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not conducted by **February 26, 2026**, Respondents must **IMMEDIATELY RELEASE PETITIONER** from custody **ON HIS OWN RECOGNIZANCE**.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **February 27, 2026**. The status report shall detail if the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm Petitioner's release from detention in compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this matter to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs pursuant to the 28 U.S.C. § 2412. Petitioner's application for fees and costs consistent with the requirements set forth above is **due within 30 days**.

**DATED:** February 24, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**